UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ROGERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA STATE PRISON CORCORAN, et al.,<br><br>　　　　Defendants. | No.  1:23-cv-01158 KES GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS<br><br>(Doc. 10) |

　　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Plaintiff initiated this action on August 3, 2023.  Doc. 1.  On July 24, 2024, the magistrate judge directed Plaintiff to file a notice of his current address by August 7, 2024.  Doc. 7.  Plaintiff was cautioned that failure to comply with the Court's order may result in a recommendation of dismissal.  *Id.*  The order was served on Plaintiff and later returned as "Undeliverable, Refused."  *See* docket.  Plaintiff did not thereafter update his address with the Court.  *Id.*  On August 22, 2024, the magistrate judge ordered Plaintiff to file an amended complaint on the appropriate form

1

1 within thirty days. Doc. 8. The order and the complaint form were served on Plaintiff at his
2 address of record and, as before, he was cautioned that failure to comply with the Court's
3 instruction could result in a recommendation of dismissal. *Id.* The mailing was not returned to
4 the Court and Plaintiff did not file an amended complaint. *See* docket. On October 9, 2024, the
5 magistrate judge issued findings and recommendations that the action be dismissed without
6 prejudice pursuant to Local Rule 183(b) for failure to file a notice of current address with the
7 Court within 63 days of the return of mail directed to him as undeliverable.[1] Doc. 10. The
8 findings and recommendations were served on Plaintiff and contained notice that any objections
9 were to be filed within fourteen days. *Id.* Plaintiff has not filed any objections or otherwise
10 communicated with the Court, and the time to do so has passed.

11 In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de
12 novo review of the case. Having carefully reviewed the file, the Court adopts the magistrate
13 judge's recommendation to dismiss the action because the record reflects that Plaintiff has failed
14 to prosecute his case and failed to comply with Court orders. The Ninth Circuit has held that,
15 prior to dismissing a case as a sanction for a plaintiff's failure to prosecute, a court must consider
16 "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage
17 its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
18 cases on their merits; and (5) the availability of less drastic alternatives." *Henderson v. Duncan*,
19 779 F.2d 1421, 1423 (9th Cir. 1986).

20 The magistrate judge's order did not consider the *Henderson* factors as required. The
21 Court has independently considered the *Henderson* factors and finds that they weigh in favor of
22 dismissal. The public's interest in expeditious resolution of litigation and the Court's need to
23 manage its docket weigh in favor of dismissal because the Court cannot effectively manage its
24 docket, nor can the litigation be expeditiously resolved if Plaintiff does not litigate his case. *See*

---

[1] Local Rule 183(b) provides: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

*Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). The Court issued an order to file an amended complaint and Plaintiff has not responded to it. *See* docket. Moreover, Plaintiff failed to file a notice of his current address as directed and has not otherwise communicated with the Court. *Id.*

As to the third factor, the risk of prejudice to the Defendants also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the Defendants. *See, e.g., Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here, it lends little support "to a party whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). Finally, as to the fifth factor, there is little else available to the Court that would constitute a satisfactory lesser sanction given the Court's warnings that failure to comply with Court orders may result in dismissal of the action. Docs. 7, 8. These warnings satisfy the "considerations of the alternatives" requirement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, IT IS ORDERED that:

1. The findings and recommendations issued October 9, 2024 (Doc. 10), are ADOPTED IN PART;

2. This action is DISMISSED without prejudice for failure to prosecute and failure to comply with Court orders; and

3. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

   Dated:   November 26, 2024

   UNITED STATES DISTRICT JUDGE